IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JANICE JOHNSON KUHN,
    Plaintiff,

v.                                                         Case No. 05C1228

FRANK J. KEHRWALD, et al.,
    Defendants.

## DECISION AND ORDER

Pro se plaintiff Janice Johnson Kuhn brings this action alleging that defendants GE Employers Reinsurance ("GE") and its vice-president and associate general counsel, Frank J. Kehrwald, violated 18 U.S.C. §§ 1961 et seq., the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff also brings a supplemental state law unjust enrichment claim. Plaintiff's submissions are incoherent and filled with invective, and it is difficult to understand what exactly she claims defendants did to violate RICO. She has filed previous suits relating to the subject matter of this action. In her complaint, plaintiff alleges that she once ran a business that was insured by the Chubb Insurance Group ("Chubb"). She alleges that in 1989 the business incurred a "mysterious loss of funds" and that Chubb and her insurance broker told her that she had no insurance to cover the loss. Plaintiff was subsequently convicted of stealing money from the business and its clients. See State v. Kuhn, 178 Wis. 2d 428 (Ct. App. 1993). Plaintiff previously brought a RICO action against Chubb and its president in this district, which Judge Griesbach dismissed as time-barred. The corporate defendant in the present case was Chubb's reinsurer.

Plaintiff makes essentially the same allegations against GE and Kehrwald that she made against Chubb and its president.

Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In ruling on defendants' motion, I assume that the facts alleged in the complaint are true, and I draw all reasonable inferences in favor of plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990). I may take judicial notice of matters of public record in resolving a motion to dismiss. Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

I will grant defendants' motion for a number of reasons. First, I have no personal jurisdiction over defendants because plaintiff failed to properly serve them. She attempted to serve defendants by mail but failed to provide a request for a waiver of service of summons and a return envelope as required by Fed. R. Civ. P. 4(d). In addition, she did not attempt to correct this defect after being made aware of it. Although pro se litigants are held to a less stringent standard in connection with service, they must at least attempt to correct their errors when they are able to do so. See Moore v. Agency for Int'l Dev., 994 F.2d 874, 876-77 (D.C. Cir. 1993).

Second, even assuming that I had personal jurisdiction over defendants, plaintiff's RICO claims are time-barred. The statute of limitations applicable to a civil RICO claim is four years, Agency Holding Corp. v. Malley-Duff & Assocs, Inc., 483 U.S. 143, 152 (1987), and the limitations period begins to run when the plaintiff discovers the injury, even if she has not yet discovered the pattern of racketeering. McCool v. Strata Oil Co., 972 F.2d 1452, 1465 (7th Cir. 1992). Plaintiff discovered her injury and defendants' alleged involvement at the latest in 1998. This is indicated by the fact that she submitted an exhibit

2

in a proceeding in that year identifying defendants. The statute of limitations on plaintiff's state law claim appears to be six years, thus, this claim is also time-barred.

Third, plaintiff's RICO claims are barred by the doctrine of collateral estoppel, which precludes the relitigation of issues when (1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical. Kunzelman v. Thompson, 799 F.2d 1172, 1176 (7th Cir. 1986). In the present case, other than the fact that GE is a reinsurer rather than a direct insurer, the RICO claims that plaintiff asserts are the same as those she asserted in her suit against Chubb and its president. Moreover, as a reinsurer, GE is in privity with Chubb. In the prior case, Judge Griesbach held that her RICO claims were time-barred, and the Seventh Circuit affirmed his dismissal of the case in an unpublished order. See Kuhn v. Finnegan, 126 Fed. Appx. 304 (7th Cir. 2005).[1] Thus, the conditions for collateral estoppel are met, and the doctrine precludes relitigation of the RICO claim.

Fourth, plaintiff fails to state a claim against defendants. This is so because, as a general rule, an insured may not prevail in a claim against her insurer's reinsurance company. Oxford Life Ins. Co. v. United States, 790 F.2d 1370, 1376 n.6 (9th Cir. 1986) (stating that as in "an indemnity reinsurance transaction the reinsurer does not become directly liable to the policy holders"); see also Carlson Holdings, Inc. v. NAFCO Ins. Co., 205 F. Supp. 2d 1069, 1073 n.6 (D. Minn. 2001) (stating that it is "widely recognized that [the] nature of the reinsurance relationships does not render the reinsurer directly liable to

---

[1]Under Circuit Rule 53(b)(iv), I may refer to this unpublished order for purposes of my ruling on collateral estoppel.

the original insured") (citing Lee R. Russ, Couch on Insurance § 9.28 (3d ed. 2000)); Ott v. All-Star Ins. Corp., 99 Wis. 2d 635, 641 (1981) (stating that "the accepted rule [is] that an insured cannot sue its insurer's reinsurance company"). Plaintiff alleges no facts that might make the general rule inapplicable.

Finally, even if there were no other reason to dismiss plaintiff's state law claim, I would in the exercise of discretion relinquish jurisdiction over such claim. See 28 U.S.C. § 1367(c)(3).

Thus, for the foregoing reasons,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 3 day of August, 2006.

/s_____
LYNN ADELMAN
District Judge