# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JANICE JOHNSON KUHN,
President of Milwaukee
Auction Galleries, Limited,
           Plaintiff,

     v.                                                  Case No. 05C1228

FRANK J. KEHRWALD, and
EMPLOYERS REINSURANCE CORP.,[1]
           Defendants,

---

## DECISION AND ORDER

Plaintiff Janice Johnson Kuhn alleges that she was the president and a shareholder of a corporation known as the Milwaukee Auction Galleries Limited ("MAG"). She brings this action as MAG's president, alleging violations of 18 U.S.C. §§ 1961 et seq., the Racketeer Influenced and Corrupt Organizations Act ("RICO"), by defendants Employers Reinsurance Corporation ("ERC") and its vice-president and associate general counsel, Frank J. Kehrwald. Plaintiff also brings supplemental state law claims. On August 4, 2006, I granted defendants' motion to dismiss. Pursuant to Fed. R. Civ. P. 59(e), defendants now ask me to alter or amend the judgment to correct a factual error. Defendants also renew their motion for sanctions, which I did not previously address. In addition, pursuant to Fed. R. Civ. P. 60(a) and (b), plaintiff asks me to reconsider my August 4 decision.

---

[1]Plaintiff originally named GE Employers Reinsurance d/b/a GE Insurance Solutions as a defendant. However, such defendant indicates that its correct name is Employers Reinsurance Corp. I amend the caption accordingly.

Rule 59(e) allows a district court to correct its own errors in order to spare the parties and appellate courts the burden of unnecessary proceedings. Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986). Sometimes, pursuant to a Rule 59(e) motion, a trial court will issue an order changing matters of substance in a judgment previously rendered. Andrews v. E.I. DuPont DeNemours & Co., 447 F.3d 510, 516 (7th Cir. 2006). In the present case, I agree with defendants that I made a factual error in my August 4 decision. In addition, the error affected the analysis and requires revision of the decision. Finally, I must address the issue of subject matter jurisdiction, which I did not previously discuss.

## I. FACTS AND BACKGROUND

Plaintiff alleges that MAG was insured by the Chubb Insurance Group ("Chubb") through her insurance broker, Fitzgerald, Clayton, James & Kasten ("FCJK"). She alleges that in 1989, MAG incurred a "mysterious loss of funds" and that Chubb and FCJK informed her that she had no insurance to cover the loss. Plaintiff was subsequently convicted of stealing money from MAG and its clients. See State v. Kuhn, 178 Wis. 2d 428 (Ct. App. 1993). In 1995, plaintiff brought a state court suit alleging that FCJK negligently failed to advise her to purchase insurance. FCJK's professional liability insurer, defendant ERC, paid for FCJK's legal representation pursuant to the policy. The circuit court dismissed plaintiff's suit, and the court of appeals affirmed the dismissal. See Kuhn v. Fitzgerald, Clayton, James & Kasten, Inc., 238 Wis. 2d 93 (Ct. App. 2000). Plaintiff unsuccessfully sought to reopen the case on grounds of fraud and perjury.

Since then, plaintiff has filed four federal suits, including three RICO actions, arising out of the incident. In 2001, she brought a RICO action alleging that judges, district attorneys and others conspired to deprive her of her civil rights. The district court

2

dismissed the case, and the Seventh Circuit affirmed. In 2004, plaintiff brought a RICO action against Chubb and its president. The district court dismissed the action, and the Seventh Circuit affirmed. In the present suit, plaintiff alleges that defendants conspired to influence her state court trial by eliciting perjured testimony and bribing witnesses, attorneys and judges. She also alleges that ERC's parent corporation, General Electric, engineered these actions to increase its profits. Plaintiff relies on a novel by Thomas O'Boyle entitled At Any Cost, Jack Welch, General Electric and the Pursuit of Profit (1998) to support her claims.

### III. DISCUSSION

First, I must address subject matter jurisdiction, which can be raised at any stage of a proceeding. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Plaintiff identifies herself as the president and a shareholder of MAG and attempts to bring the present action on behalf of MAG. However, an officer or director of a corporation does not have standing to bring a RICO action on behalf of a corporation. Frank v. D'Ambrosi, 4 F.3d 1378, 1385 (6th Cir. 1993); Rylewicz v. Beaton Servs., Ltd., 888 F.2d 1175, 1178-79 (7th Cir. 1989). Thus, plaintiff lacks standing to bring a RICO action on behalf of MAG. Moreover, standing is a jurisdictional requirement. Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994). Thus, to the extent that plaintiff seeks to assert RICO claims on behalf of MAG, I lack subject matter jurisdiction over the suit.

Plaintiff also appears to assert her own RICO claims. Thus, I must address whether she has standing to do so. Section 1964(c) authorizes "any person injured in business or property by reason of a violation of section 1962" to bring a civil action under RICO. Thus,

3

to have standing, plaintiff must allege that she sustained a business or property injury. Gagan v. Am. Cablevision, Inc., 77 F.3d 951, 958-59 (7th Cir. 1996). Corporate officers or shareholders generally do not have standing to bring RICO claims based on racketeering activities conducted against a corporation because such claims are derivative of the corporation's claims. Thus, for plaintiff to have standing, she must allege injuries separate from and not derivative of the injuries allegedly suffered by MAG. Id.; see also Tal v. Hogan, 453 F.3d 1244, 1254 (10th Cir. 2006); Rylewicz, 888 F.2d at 1178-79. In addition, business or property injuries do not include emotional distress or injury to reputation, thus, allegations of such injuries are insufficient to create standing under RICO. See Tal, 453 F.3d at 1254 (noting that "injury to . . . reputation, dignity and emotional damages are not the type of injuries redressable by the antitrust laws or RICO which are expressly limited to injuries to 'business or property'"); Evans v. City of Chi., 434 F.3d 916, 931 (7th Cir. 2006) (noting that "personal injuries and the pecuniary losses stemming therefrom do not establish standing under the civil RICO statute").

      Plaintiff seems to allege that ERC engaged in conduct which harmed MAG and that she was injured because she had loaned money to MAG. Thus, the injury that plaintiff alleges is derivative of MAG's alleged injury, and plaintiff lacks standing to assert it. See Gagan, 77 F.3d at 951 (discussing the reasons for prohibiting derivative RICO claims). Plaintiff also alleges that she suffered personal injuries such as loss of reputation and emotional distress. However, as indicated above, allegations of these types of injuries are insufficient to create standing to bring a civil RICO action. Evans, 434 F.3d at 931. Thus, plaintiff does not allege injuries sufficient to satisfy the standing requirement. Therefore, I lack jurisdiction over her individual claims as well as over MAG's claims.

Even assuming, arguendo, that I have subject matter jurisdiction, I would dismiss Kuhn's complaint for other reasons. First, plaintiff is not a lawyer, and an individual who is not a lawyer cannot appear on behalf of a corporation. Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003). Thus, she cannot represent MAG.

Second, I lack personal jurisdiction over defendants. Plaintiff attempted to serve defendants by mail but failed to provide a request for a waiver of service of summons and a return envelope as required by Fed. R. Civ. P. 4(d). In addition, she did not attempt to correct this defect after being made aware of it. Although pro se litigants are held to a less-stringent standard in connection with service, they must at least attempt to correct their errors when they are able to do so. See Moore v. Agency for Int'l Dev., 994 F.2d 874, 876-77 (D.C. Cir. 1993).

Third, plaintiff's RICO claims are time-barred. The statute of limitations applicable to a civil RICO claim is four years, Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 152 (1987), and the limitations period begins to run when the plaintiff discovers or should have discovered the injury, even if she has not yet discovered the pattern of racketeering. McCool v. Strata Oil Co., 972 F.2d 1452, 1465 (7th Cir. 1992). All of plaintiff's allegations against defendants arise out of defendants' allegedly fraudulent activity during her state court lawsuit, which was dismissed in 1999. Plaintiff had access to the transcripts and the materials necessary to support her claims at that time, but she did not bring this action until November 2005. Equitable tolling is available to toll the statute of limitations if "despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of [her] claim." Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 462 (7th Cir. 1993). Plaintiff suggests that I should excuse her

5

untimeliness because she was incarcerated for a year and because she did not discover the O'Boyle novel until 2000. However, I conclude that she did not exercise due diligence and is not entitled to the benefit of equitable tolling.

Finally, even if I had subject matter and personal jurisdiction and plaintiff's claims were not time-barred, plaintiff fails to state a claim under RICO. To state such a claim, plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Hartz v. Friedman, 919 F.2d 469, 471 (7th Cir. 1990). To avoid dismissal under Fed. R. Civ. P. 12(b)(6), she must allege each element with particularity as required by Fed. R. Civ. P. 9(b). Gamboa v. Velez, 457 F.3d 703, 705 (7th Cir. 2006). "In order to satisfy this standard, a RICO plaintiff must allege the identity of the person who made the representation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Slaney v. Int'l Amateur Athletic Fed'n, 244 F.3d 580, 599 (7th Cir. 2001) (citing Vicom, Inc. v. Harbridge Merch. Serv., Inc., 20 F.3d 771, 777 (7th Cir.1994)).

Plaintiff's allegations are wholly insufficient to satisfy this standard. She fails to give plead with specificity the identity of persons, or the time, place and content of such acts. Even assuming that she adequately alleges conduct, enterprise and racketeering, plaintiff fails to plead with particularity a pattern of racketeering activity. The requirement of proving pattern is central to the statute, as "'Congress was concerned in RICO with long-term criminal conduct.'" Pizzo v. Bekin Van Lines Co., 258 F.3d 629, 633 (7th Cir. 2001) (quoting H.J., Inc. v. N.W. Bell Tel. Co., 492 U.S. 229, 242 (1989)). "To establish a pattern of racketeering activity, a plaintiff must show continued criminal activity (or the threat thereof) and relationship between the predicate acts." Roger Whitmore's Auto. Servs. v.

6

Lake County, Ill., 424 F.3d 659, 672 (7th Cir. 2005). These elements require existence of "the same or similar purposes, results, participants, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." H.J., Inc., 492 U.S. at 242. Plaintiff has not pled any predicate acts besides defendants' alleged misconduct in connection with MAG's state court lawsuit. Thus, she fails to allege a pattern of racketeering activity and thus fails to state a civil RICO.

Thus, I will dismiss plaintiff's RICO claims for lack of subject matter jurisdiction. Alternatively, I will dismiss such claims on the alternative grounds stated above. I decline to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff's motion for reconsideration is moot and will be dismissed. Even if her motion were not moot, I would deny it because plaintiff does not satisfy the criteria in either Rule 60(a) or (b).

Finally, I address defendants' motion for sanctions. Rule 11 requires that an attorney and/or party certify to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," Fed. R. Civ. P. 11(b), that the allegations and other factual contentions have a legally sufficient basis to support the claim. Fries v. Helsper, 146 F.3d 452, 458 (7th Cir.1998). I may award sanctions if a filing is presented for an "improper purpose" or if the legal arguments are "[un]warranted." The rule is principally designed to prevent filings that are baseless. Brunt v. Serv. Employees Int'l Union, 284 F.3d 715, 719 (7th Cir. 2002). Although a court may consider a litigant's pro se status when deciding whether to impose sanctions, even an unrepresented party who signs pleadings in a frivolous suit may be liable for sanctions. Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004).

7

Defendants note that, for the past seventeen years, plaintiff has repeatedly and doggedly pursued actions in both state and federal court against numerous defendants arising out of the same operative facts. Defendants had no relationship with plaintiff, contractual or otherwise. Yet, as FCJK's insurer, ERC has had to defend plaintiff's lawsuits, all of which have been dismissed. I conclude that the imposition of sanctions is appropriate. This court has already sanctioned plaintiff once. In his order, Judge Griesbach told plaintiff:

> no person has the right to file a baseless and unsubstantiated lawsuit in federal court charging other individuals or companies with fraud and criminal activity. . . . The attempt to assert a claim against an insurance company and its president for losses incurred by a defunct corporation some fifteen years ago was not warranted under existing law and no non-frivolous argument for the extension of existing law can justify it.

Kuhn v. Finnegan, No. 04-CV-0256 (E. D. Wis. Oct. 6, 2004), affirmed Kuhn v. Finnegan, 126 Fed. Appx. 304 (7th Cir. 2005).

Undaunted, plaintiff brought the present action. On March 30, 2006, defendants' counsel warned plaintiff that her claims were baseless and provided her with an opportunity to withdraw her claims, and plaintiff ignored the letter. Plaintiff clearly failed to investigate the law or the facts or both when she maintained the suit against defendants despite being put on notice of the problems with her case. Thus, I will impose sanctions in the amount of $1,500 and order plaintiff to pay this amount to the court by **March 1, 2007**.

## IV. CONCLUSION

For the foregoing reasons,

8

**IT IS ORDERED** that defendants' motion to amend or alter the judgment is **GRANTED.**

**IT FURTHER IS ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a jury trial is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for judicial notice is **DENIED AS MOOT**.

**IT IS ORDERED** that defendants' motion for Rule 11 Sanctions is **GRANTED** as described herein.

**FINALLY, IT IS ORDERED** that defendants' motion to dismiss is **GRANTED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 22 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge